UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOUTH COUNTY PROFESSIONAL PARK, LTD,<br><br>                Plaintiff,<br>    v.<br><br>ORCHARD SUPPLY COMPANY LLC, et al.,<br><br>                Defendants. | Case No. 5:14-cv-02348-PSG<br><br>**ORDER REMANDING CASE**<br><br>**(Re: Docket Nos. 13, 14 and 24)** |

Before the court is Plaintiff South County Professional Park, LTD's motion to remand.[1] Defendants Orchard Supply Company LLC, Lowe's Companies, Inc., Lowe's Home Centers, LLC and Lowe's Home Improvement, LLC oppose. The parties appeared for a hearing this morning.[2] After considering the arguments, the court GRANTS South County's motion.

**I. BACKGROUND**

South County is the owner of Orchard Center, a small shopping center located in Watsonville, anchored by an OSH store.[3] OSH is now owned by national retailer Lowe's.[4] On or

---

[1] *See* Docket No. 24.

[2] *See* Docket No. 37.

[3] *See* Docket No. 25 at ¶ 1 ("South County is the owner of Orchard Center, a small shopping located in Watsonville, California and anchored by an Orchard Supply Hardware ('OSH') store.").

[4] *Id.* ("OSH is now owned by Lowe's.").

1
Case No. 5:14-cv-02348-PSG
ORDER REMANDING CASE

about April 17, 1986, South County, as landlord, and Grace Retail Corporation, as tenant, entered into a written commercial lease for the OSH store at Orchard Center. The lease was drafted by the tenant and on the tenant's form.[5] Article 20, Section 19 of the lease provides that the lease "shall be governed by the laws of the State of California," and includes a forum selection clause that requires: "Any action to enforce the terms of this lease shall be brought in the proper Court of the State of California which shall have jurisdiction over said matter."[6]

South County alleges OSH "neglected its basic obligations" under the lease curbing sales.[7] In June of 2013, OSH went bankrupt.[8] In August 2013, the lease was assumed and assigned in OSH's bankruptcy and South County's rights to pursue its claims were preserved for adjudication outside of the Bankruptcy Court, "in the Santa Cruz County Superior Court or any court of competent jurisdiction."[9] The Bankruptcy Court order did not amend the lease and as a result of

---

[5] *Id.* at ¶ 2. ("On or about April 17, 1986, South County, as landlord, and Grace Retail Corporation, as tenant, entered into a written commercial lease (the 'Lease') for the OSH store at Orchard Center. The Lease was drafted by the tenant on tenant's form.").

[6] *Id.*, Ex. A, Article 20, Section 19 ("This Lease and its interpretation and enforcement shall be governed by the laws of the State of California. Any action to enforce the terms of this Lease shall be brought in the proper Court of the State of California which shall have jurisdiction over said matter.").

[7] *Id.* at ¶ 3 ("Over the last several years, OSH neglected its basic obligations under the Lease at Orchard Center, and its sales have plummeted. South County has suffered greatly from multiple breaches of the tenant's obligations under the Lease.").

[8] *Id.* at ¶ 4 ("In June of 2013, OSH went bankrupt. In late August of 2013, when the Lease was assumed and assigned in OSH's bankruptcy, South County's rights to pursue our claims were expressly preserved for adjudication outside of the Bankruptcy Court, "in the Santa Cruz County Superior Court or any court of competent jurisdiction.").

[9] *Id.*, Ex. B at ¶ 40

  Notwithstanding anything to the contrary in the Motion, this Order or the Final APA, that certain lease agreement by and between the Debtors and South County Professional Park, Ltd. (the 'South County Landlord') relating to the Debtors' store located at 1060 South Green Valley Road, Watsonville, California shall be assumed and assigned to the Purchaser free and clear of all Liens and Claims as provided in this Order; provided, however that Debtors assign, and Purchaser assumes, the lease subject to South County Landlord's claims and arguments raised, with respect to cure amounts in the Landlord South County Professional Park, Ltd.'s Objection to 1) Debtors' Proposed Cure Amount, and 2) Debtors' Offering of Adequate Assurance [D.I. 406], filed on August 9, 2013, and all rights or claims raised therein with respect to the Debtors' obligation to cure any and all

2
Case No. 5:14-cv-02348-PSG
ORDER REMANDING CASE

the assignment, South County alleges the tenant's interest under the lease is now owned, managed, and controlled by Defendants in this action.[10]

After the assignment, Defendants allegedly committed additional breaches of the lease.[11] On April 21, 2014, South County filed suit in Santa Cruz County Superior Court. On May 21, 2014, Defendants removed.[12] South County brings claims for (1) breach of the lease agreement,[13] (2) reformation of the lease agreement[14] and (3) declaratory relief.[15]

## II. LEGAL STANDARDS

### A. Forum Selection Clauses

Pursuant to federal law, forum selection clauses are "prima facie valid" and enforceable unless the opposing party clearly shows "that enforcement would be unreasonable and unjust, or that the clause" is "invalid for such reasons as fraud or overreaching."[16] The federal rule "controls enforcement of forum clauses in diversity cases."[17] "The opposing party has the burden "to show

---

defaults or breaches under the lease, all of which are expressly preserved without waiver or prejudice for adjudication in the Santa Cruz County Superior Court or any other court of competent jurisdiction.

[10] *Id.* at ¶ 4 ("Nothing in the Bankruptcy Court order purported to amend the Lease in any way. As a result of the assignment, South County is informed and believe that the tenant's interest under the Lease is now owned, managed, and controlled by defendants in this action.").

[11] *Id.* at ¶ 5 ("But after the assignment, the pattern of unfairness and neglect that had characterized OSH's handling of its Lease responsibilities over the last several years continued, as defendants committed further breaches of the Lease, including serious health and safety issues for which the State of California held defendants accountable in March of 2014.").

[12] *See* Docket No. 1.

[13] *See id.*, Ex. A at ¶¶ 1-31.

[14] *See id.*, Ex. A at ¶¶ 32-39.

[15] *See id.*, Ex. A at ¶¶ 40-47.

[16] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ("The correct approach would have been to enforce the forum clause specifically unless Zapata could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.").

[17] *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)

that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."[18] When considering a forum selection clause, the "plain language of the contract should be considered first with the understanding that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it."[19] When considering forum selection clauses, the "fundamental rule of contract interpretation" applies: ambiguous language is construed "against the drafter of the contract."[20]

### III. DISCUSSION

#### A.   "Shall be Brought" Constitutes Mandatory Language

Under Ninth Circuit authority, the phrase "shall be brought" in a forum selection clause makes the clause mandatory. In *Robeson*, the plaintiff sued in California superior court and defendants removed.[21] Plaintiff moved to remand based on the forum selection clause, which stated any "litigation associated with this contract shall be brought in State Court of Sacramento County, California."[22] The district court remanded, finding that courts in the Ninth Circuit "have

---

[18] *Id.* at 515 (citing *Bremen*, 407 U.S. at 18).

[19] *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) (internal citations and quotations omitted).

[20] *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir. 1987) ("Another fundamental rule of contract interpretation is that where language is ambiguous the court should construe the language against the drafter of the contract.") (citing *Interpetrol Bermuda Ltd. v. Kaiser Aluminum Int'l Corp.*, 719 F.2d 992, 998 (9th Cir. 1983); *United States v. Haas and Haynie Corp.*, 577 F.2d 568, 574 (9th Cir. 1978)).

[21] *Robeson v. Twin Rivers Unified Sch. Dist.*, Case No. 2:14-cv-2-WBS-KJN, 2014 WL 1392922, at *1 (E.D. Cal. Apr. 9, 2014).

> After plaintiff initially filed this case in Sacramento County Superior Court, defendants removed it to this court under 28 U.S.C. § 1441(a) because plaintiff asserted a claim under 42 U.S.C. § 1983 over which the court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff now moves to remand the action on the basis of a forum selection clause in her employment agreement with Twin Rivers stating that "[a]ny litigation associated with this contract shall be brought in State Court in Sacramento County, California.

[22] *Id.*

construed identical language as mandatory and held that it requires exclusive jurisdiction in the designated forum."[23] Despite Defendants' argument that "shall be brought" only required the plaintiff to sue in state court – and thus did not require remand – the *Robeson* court rejected this claim, holding that "would deprive the forum selection clause of any effect and is therefore untenable."[24]

**B.      "Courts of" Limits Jurisdiction to the Superior Court**

In *Simonoff* the Ninth Circuit held the phrase "courts of" within a forum selection clause limits jurisdiction to state courts.[25] Specifically, "the rule we adopted in *Doe 1* is that a forum selection clause that specifies 'courts of' a state limits jurisdiction to state courts, but specification of 'courts in' a state includes both state and federal courts."[26] Here, the plain language of the lease's forum selection clause limits contract enforcement claims to California state court  The lease's forum selection clause states: "Any action to enforce the terms of this Lease shall be brought in the proper Court of the State of California which shall have jurisdiction over said

---

[23] *Id.* (citing *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1352 (9th Cir. 1990) (enforcing a forum selection clause stating that "any litigation arising out of" this agreement "shall be brought in the city of Berne, Switzerland"); *Turner v. Thorworks Indus., Inc.*, Case No. 2:05-cv-2653-WBS-KJM, 2006 WL 829142, at *4 (E.D. Cal. Mar.28, 2006) (holding that a clause stating that any action "shall be brought in the appropriate state or federal court with jurisdiction over Erie County, Ohio" constituted "mandatory language specifying a particular forum")).

[24] *Id.* at *2 n.1.

> Defendants also suggest that the forum selection clause permits federal jurisdiction so long as plaintiff initially "brought" the action in state court.  Because a defendant has the right to remove any case over which the federal courts have original jurisdiction, 28 U.S.C. § 1441, defendants' reading would deprive the forum selection clause of any effect and is therefore untenable.  *See Brinderson-Newberg*, 971 F.2d at 278-79.  Rather, the phrase "shall be brought" indicates that the case must be heard-not merely filed-in state court.  *See, e.g.*, *TAAG*, 915 F.2d at 1352; *Turner*, 2006 WL 829142 at *4.

[25] *Simonoff*, 643 F.3d at 1205-06 (9th Cir. 2011) ("Thus, the phrase 'the courts of' a state refers to courts that derive their power from the state—i.e., only state courts—and the forum selection clause, which vested exclusive jurisdiction in the courts 'of' Virginia, limited jurisdiction to the Virginia state courts.").

[26] *Id.* (citing *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081-82 (9th Cir. 2009) ("We hold that the forum selection clause at issue here—designating the courts of Virginia—means the state courts of Virginia only; it does not also refer to federal courts in Virginia.")).

5
Case No. 5:14-cv-02348-PSG
ORDER REMANDING CASE

matter." Each cause of action seeks to enforce the terms of the lease and the phrase "shall be brought" makes the forum selection clause mandatory. The contract language therefore only permits jurisdiction in California state court.

**C.     South County's Breach of Contract Claims Shall be Adjudicated in State Court**

In the face of explicit guidance from the Ninth Circuit regarding the combination of "shall be brought" and "courts of" language, Defendants urge remand is not warranted because the claims do not seek enforcement, but reformation, of the contract. South County relies on an interpretation of the contract that is a stretch – Defendants say – because South County seeks reformation of the contract to meet what the parties' allegedly initially believed they were agreeing to. Moreover, although the plain language of the forum selection clause requires both the interpretation and enforcement of the contract to proceed under California law, the contract only suggests enforcement actions must be limited to state court.[27] In sum, Defendants conclude that removal of South County's reformation claim is permissible and the court exercise its discretion and attach supplemental jurisdiction over the breach of contract claim.

While Defendants' arguments are colorable, they do not overcome the strength of South County's position: it entered a lease agreement with Defendants' predecessor-in-interest that bound future enforcement claims to be brought in state court.[28] Because (1) Defendants' predecessors-in-

---

[27] *See supra* note 6.

[28] Although Defendants are not the original drafters of the lease, they "stand in the shoes" of the assignor of the contract. *Cal-W. Bus. Servs., Inc. v. Corning Capital Grp.*, 221 Cal. App. 4th 304, 310-11 (2013).

> Through [] an assignment, the assignee ordinarily acquires all the rights and remedies possessed by the assignor for the enforcement of the debt, subject, however, to the defenses that the judgment debtor had against the assignor. This is consistent with the general rule that the assignee 'stands in the shoes' of the assignor, taking his rights and remedies, subject to any defenses which the obligor has against the assignor prior to notice of the assignment." (citations and quotations omitted).

6
Case No. 5:14-cv-02348-PSG
ORDER REMANDING CASE

interest drafted this contract,[29] (2) removal remains disfavored,[30] (3) an interpretation of a forum selection clause to avoid case splitting also is favored,[31] (4) non-parties may be subject to a forum selection clause where their conduct is closely related to a contractual relationship,[32] (5) a contract may be first revised and then specifically enforced[33] and, perhaps most significantly, (6) all of the claims alleged seek enforcement of rights under a contract with a mandatory forum selection clause,[34] remand of the entire case is warranted.

---

[29] The lease was drafted by the tenant on the tenant's form, so ambiguities regarding the scope of "enforcement" should be drawn against the defendants, as an assignee standing in the tenant's shoes. *See id.* at 311.

[30] *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

> We strictly construe the removal statute against removal jurisdiction. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).

*See also Comerica Bank v. Whitehall Specialties, Inc.*, 352 F. Supp. 2d 1077, 1079 (C.D. Cal. 2004) ("There is a 'strong presumption' against removal, and all doubts must be resolved in favor of remand to state court.") (citing *Gaus*, 980 F.2d at 566)

[31] *See Vechery v. Ticket Innovations, Inc.*, Case No. 09-cv-0939-AHM-JTLx, 2009 WL 1160026, at *3 (C.D. Cal. Apr. 27, 2009).

> The parties do not dispute that the forum clause at issue here is mandatory. Nor do they attempt to construe the terms "arising out of" or "relating to." The Court will thus use the commonsense, everyday definition of those terms. In a case like this one, where there is no real dispute that the majority of the claims clearly fall within the scope of the forum selection clause, the phrase "relating to" invites a particularly broad application. Moreover, an extremely narrow construal of the phrase "relating to" could result in the splitting of this case, which would undermine basic principles of judicial economy and administration.

[32] *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) ("We held that the forum selection clause applied to all defendants, even though only Gucci Parfums signed the contract, because where the alleged conduct of the nonparties is closely related to the contractual relationship, 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'") (citing *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)) (quoting *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984)).

[33] *See* Cal. Civ. Code § 3402 ("A contract may be first revised and then specifically enforced.").

[34] *See California Trust Co. v. Cohn*, 214 Cal. 619, 629 (1932) ("The seeking of different kinds of relief does not establish different causes of action. * * * [A] complaint in an action for reformation of contract does not set out two causes of action merely because it also requests that the contract, as reformed, be specifically enforced or damages be awarded in lieu thereof."); *see also Fid. & Deposit Co. of Maryland v. State of Montana*, 92 F.2d 693, 696 (9th Cir. 1937) ("The reformation asked in the amended complaint is merely auxiliary to the enforcement of the contract as originally

Because this case is remanded to state court, Defendants pending motions to dismiss are DENIED-AS-MOOT.[35]

**IT IS SO ORDERED**

Dated: July 21, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

pleaded."); *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1300 n.3 (6th Cir. 1991) ("We note in passing that the reformation of written instruments is also a form of equitable relief that entails the enforcement of agreements otherwise than as written."); *Wong v. Davidian*, 206 Cal. App. 3d 264, 270-71 (1988) (affirming a fee award and finding the action for reformation and breach supported an award of fees under a clause that applied to enforcement). Defendants primary reliance on *Stitt v. Williams* to suggest an action to reform is not an action to enforce it is misplaced because the facts of *Stitt* are distinguishable. The Ninth Circuit's holding in *Stitt* is contained: a reformation claim, included in a tort action based on fraudulent conduct, may not support an award of attorney's fees for "enforcement" of the contract. *Stitt* did not involve a claim to reform and enforce a contract. *See Stitt v. Williams*, 919 F.2d 516, 519-20 (9th Cir. 1990) ("Appellants brought this action seeking to recover damages allegedly incurred by reason of appellees' acts of securities fraud, racketeering, failure to comply with securities registration requirements, and breach of fiduciary duty.").

[35] *See* Docket Nos. 13 and 14.